E-FILED
Monday, 09 November, 2026 02:52:30 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **RAPHEAL HALL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3152** |
| | ) | |
| **H. GENENBACHER *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) under 42 U.S.C. § 1983 filed by Plaintiff Rapheal Hall, a prisoner at Pinckneyville Correctional Center. Plaintiff has also filed a Motion for Counsel (Doc. 5) and a Motion to Obtain Limited Discovery (Doc. 8).

## I. Complaint

### A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

The events Plaintiff describes occurred at Western Illinois Correctional Center ("WICC") and are alleged against the following individuals and entities: Illinois Department of Corrections ("IDOC") Director Latoya Hughes, Corrections Lieutenant H. Genenbacher, four unidentified corrections officers, IDOC, and WICC.

On June 19, 2025, Defendants Genenbacher and four unidentified corrections officers arrived at Plaintiff's cell and ordered him to submit to restraints. After Plaintiff complied, Defendants permitted him to pack his property. When Plaintiff attempted to do so, he claims that the five Defendants punched, kicked, and slammed Plaintiff into the metal bed frame, which caused a head laceration and a stab wound to his forearm after falling to the floor. Multiple strands of hair were also pulled from his scalp, and oleoresin capsicum (i.e., pepper spray) was used. Plaintiff was then dragged to segregation, which caused injury to the skin on the back of Plaintiff's knees. After being placed in segregation, Defendants ignored Plaintiff's pleas for medical assistance for four days.

**C. Analysis**

"To prevail on an Eighth Amendment claim that he was subject to cruel and unusual punishment by means of excessive force, a plaintiff must show that force was

employed to maliciously and sadistically cause him harm rather than in a good faith effort attempt to maintain or restore discipline." *Sanchez v. City of Chicago*, 700 F.3d 919, 926 n.3 (7th Cir. 2012).

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective component, a plaintiff must demonstrate that his medical condition is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* In the medical care context, a "deliberate indifference" standard is used. *Estelle*, 429 U.S. at 104. A plaintiff may establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff's account is sufficient to state an Eighth Amendment claim for excessive force and deliberate indifference to serious medical needs against Defendants

Genenbacher and corrections officers Doe I to IV. However, Plaintiff does not state a claim against the remaining Defendants.

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff does not state plausible claims against IDOC Director Hughes, as Plaintiff does not provide any facts that demonstrate or permit the inference that Hughes deprived Plaintiff of a constitutional right. Additionally, Plaintiff does not assert claims against WICC because § 1983 claims are confined to persons acting under color of state law. *See Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014) ("Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law").

Plaintiff attempts to file suit against IDOC under the United States Supreme

Court's holding in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). However, "the *Monell* theory of municipal liability applies in § 1983 claims brought against private companies that act under color of state law." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) ("Private corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and practices."); *Iskander v. Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying § 1983 to private corporations).

"Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). State agencies, such as the IDOC, are not "persons" under § 1983. *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2006).

## II. Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The Court can only ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel

or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's Motion for Counsel shows that he has satisfied his threshold burden by demonstrating that he attempted to find counsel independently.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). "These two considerations 'are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand.'" (*Id.*) (quoting *Pruitt*, 503 F.3d at 655).

Specifically, courts should consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Eagan*, 987 F.3d at 682. "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings." *Id*. The assessment "must include 'the tasks that normally attend litigation: evidence gathering, preparing[,] and responding to motions and other court filings, and trial.'" *Id.* "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his … case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Id*. at 682-83.

The Court concludes that the recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendants have been served and filed their answers to Plaintiff's complaint, which usually takes sixty days, the Court will enter a scheduling order that provides guidance and deadlines to assist Plaintiff during the discovery process. Therefore, the Court denies Plaintiff's motions for recruitment of counsel, with leave to renew on a more developed record.

**III. Discovery**

Plaintiff's Motion to Obtain Limited Discovery (Doc. 8) seeks to open discovery to ascertain the identity of the Doe Defendants. However, Plaintiff's Motion is denied as premature. After Defendant Genenbacher has returned his waiver of service and filed an Answer to Plaintiff's Complaint, the Court will enter a scheduling order that will provide Plaintiff guidance and deadlines to identify the Doe Defendants at issue.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Doc. 5) and to Obtain Limited Discovery (Doc. 8) are DENIED.**

2) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment excessive force and deliberate indifference to serious medical need claims against Defendants Genenbacher and Doe I to IV. Plaintiff's claims against Defendants proceed in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Clerk of the Court is DIRECTED to terminate Latoya Hughes, IDOC, and WICC as parties.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. The Court will deny motions filed before counsel has entered an appearance as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.**

6) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk of the Court said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

7) **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

8) **This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants'**

**counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

9) **Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

10) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

11) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED November 9, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE